United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON JEROME KENNARD, TDCJ #1739093, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-23-2383 |
| BRANDON TREVINO, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Jason Jerome Kennard (TDCJ #1739093) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has also filed Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 21), which provides additional details about his claims. Because Kennard is a prisoner who proceeds <u>in forma pauperis,</u> the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court will retain an Eighth Amendment claim against one defendant and will dismiss the claims against all other defendants for the reasons explained below.

## I. **Background**

Kennard is presently incarcerated by TDCJ at the Ellis Unit.[1] When Kennard executed his Complaint, which is related to a previous lawsuit, he was confined at the Wynne Unit.[2]

While confined at the Wynne Unit in 2021 Kennard filed a lawsuit against the following defendants, who are employed by TDCJ at the Wynne Unit facility: (1) Sergeant Marlen Marquez; (2) Officer Kayla Timko; (3) Officer Brandon P. Trevino; and (4) Captain Garrett Simmons (the "previous lawsuit").[3] In this previous lawsuit Kennard alleged that he was denied due process by Sergeant Marquez, Officer Timko, and Captain Simmons in connection with a disciplinary conviction that Kennard received for fighting with another inmate named Rusty Young.[4] Kennard sustained an eye injury as a result of the altercation, which occurred on June 10,

---

[1] Plaintiff's MDS, Docket Entry No. 21, p. 1 (Response to Question 3). For purposes of identification all pagination refers to the page number imprinted on the top of each docket entry by the court's electronic case filing ("ECF") system. Unless otherwise indicated, all docket entries refer to instruments filed in Civil Action No. H-23-2383 (S.D. Tex.).

[2] Complaint, Docket Entry No. 1, pp. 1, 3.

[3] See Complaint, Docket Entry No. 1, p. 2, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex.). Although Kennard lists "Officer Brandon P. Treveno" as one of the defendants in Civil Action No. H-21-4191, the record reflects that the correct spelling of his last name is "Trevino." See Defendant Marquez, Timko, and Trevino's Original Answer and Jury Demand, Docket Entry No. 43, p. 1, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex.).

[4] See Complaint, Docket Entry No. 1, p. 3, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex.).

-2-

2021.[5]  Kennard also alleged that Officer Trevino negligently failed to protect him from being assaulted by Young and falsely stated that he saw Kennard swinging at Young, resulting in the disciplinary charge.[6]

On March 30, 2023, the court dismissed Kennard's claims against Sergeant Marquez, Officer Timko, and Captain Simmons after finding that any claim for monetary damages was barred by the Eleventh Amendment and that Kennard failed to otherwise demonstrate that he was convicted of the disciplinary charges without due process.[7] On April 4, 2023, the district court dismissed Kennard's negligence claim against Officer Trevino for failure to demonstrate a constitutional violation.[8]

On June 7, 2023, Kennard filed the instant civil rights action against the following defendants employed by TDCJ at the Wynne Unit: (1) Officer Trevino; (2) Captain Simmons; (3) Sergeant Ramon Serrano; (4) Lieutenant Shara Autery; (5) Officer Marsha Escalera; and (6) Sergeant Avery Miller.[9] Kennard repeats his allegation that Officer Trevino failed to protect him from assault by Rusty

---

[5]See id.

[6]See id. at 3, 4-5.

[7]See Memorandum Opinion and Order, Docket Entry No. 53, p. 5, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex. March 30, 2023).

[8]See Supplemental Memorandum Opinion and Order, Docket Entry No. 56, p. 3, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex. April 4, 2023).

[9]Complaint, Docket Entry No. 1, pp. 3, 9 ¶¶ 4-9.

Young on June 10, 2021.[10] Kennard alleges that Officer Trevino denied him due process by falsely claiming that he saw Kennard throw a punch at Young, which resulted in the disciplinary charges against him for fighting.[11] Similarly, Kennard repeats his claim that Captain Simmons denied him due process during the disciplinary proceeding that occurred following the altercation, in which Kennard was convicted of fighting with Young, arguing that he was not served with adequate notice.[12] Kennard claims further that Captain Simmons denied his request for medical care at the start of the disciplinary hearing and delayed his access to medical care until after that hearing was over.[13]

In addition to his claims against Officer Trevino and Captain Simmons, Kennard contends that Sergeant Serrano interfered with his access to the courts by confiscating and purposely destroying his legal papers from his previous lawsuit while he was in segregation for an unrelated disciplinary matter in November of 2022.[14] Kennard also alleges that Lieutenant Autery used excessive force by spraying him with a chemical agent in April of 2023, while Officer Escalera and Officer Miller were present, in retaliation for filing

---

[10] See id. at 4 ¶ 1, 10 ¶¶ 12-13.

[11] Id. at 10 ¶¶ 13-15.

[12] See id. at 14 ¶ 35.

[13] See id. at 15 ¶¶ 37-38.

[14] See id. at 4, 11 ¶¶ 17-20.

his previous lawsuit.[15] Kennard seeks compensatory damages for his injuries and for the violation of his constitutional rights.[16]

## II. Standard of Review

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the

---

[15]See id. at 3, 6-7 ¶ 4, 12-13 ¶¶ 23-29.

[16]See id. at 4.

complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

#### A. Claims Against Officer Trevino

Kennard claims that Officer Trevino negligently failed to protect him from assault on June 10, 2021, when he was attacked by Rusty Young.[17] Kennard also alleges that Officer Trevino denied him due process by falsely claiming that he saw Kennard throw a punch at Young, which resulted in the disciplinary charges against him for fighting.[18] Kennard acknowledges that he litigated similar claims against Officer Trevino and others in the previous lawsuit that he filed in 2021,[19] which was dismissed with prejudice.[20]

The Fifth Circuit has held that a prisoner's complaint is considered malicious for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993); see also Wilson v. Lynaugh, 878 F.2d 846, 848-50 (5th Cir. 1989) (duplicative claims may be dismissed sua sponte); Willis v. Bates, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."). Because Kennard raised similar allegations against Officer Trevino in his

---

[17]See Complaint, Docket Entry No. 1, pp. 4, 1, ¶ 12.

[18]Id. at 10 ¶¶ 13-15.

[19]Opinion Letter, Docket Entry No. 8, pp. 1-2

[20]See Amended Final Judgment, Docket Entry No. 57, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex. April 4, 2023).

previous lawsuit, his claims against Trevino will be dismissed as duplicative under 28 U.S.C. § 1915(e)(2)(B).

## B. Claims Against Captain Simmons

Kennard claims that Captain Simmons denied him due process at the disciplinary proceeding related to his altercation with Rusty Young in 2021.[21] Because Kennard sued Captain Simmons previously for violating his right to due process during his disciplinary hearing for fighting with Young, this claim also will be dismissed as duplicative. See 28 U.S.C. § 1915(e)(2)(B).

Kennard claims further that Captain Simmons violated his constitutional rights by delaying access to medical care until after the disciplinary hearing had ended.[22] To the extent that this claim was not raised in Kennard's previous lawsuit, his allegations arise under the Eighth Amendment, which prohibits "deliberate indifference to a prisoner's serious illness or injury[.]" Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). However, allegations of delay in receiving medical care only violate the Constitution "if there has been deliberate indifference that results in substantial harm." Rogers v. Boatright, 709 F.3d 403, 410 (5th Cir. 2013) (emphasis in original) (quoting Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006)). A plaintiff alleging wrongful delay of medical care must also demonstrate that the defendant had a sufficiently

---

[21]Complaint, Docket Entry No. 1, p. 14 ¶ 35.

[22]Id. at 15 ¶¶ 37-38.

culpable state of mind. See Mendoza v. Lynaugh, 939 F.2d 191, 193 (5th Cir. 1993) (citing Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (at a minimum prisoner must allege deliberate indifference to serious medical needs)).

Kennard alleges that Captain Simmons denied him medical attention before the disciplinary hearing started on June 11, 2021, which took place the day following his altercation with Young.[23] Kennard, who alleges that he received an eye injury as a result of the fight, contends that Captain Simmons should have stopped the proceeding and taken him to the medical department immediately after Kennard took a tissue and "hawked up mucus spit filled with blood and blood clots."[24] After the hearing Kennard was seen in the infirmary by a provider, who reportedly "rushed [him] off the unit immediately and [he] was admitted in the hospital."[25]

Medical records attached to the Complaint reflect that Kennard was treated at the University of Texas Medical Branch ("UTMB") Hospital in Galveston on June 12, 2021, for trauma to his left eye.[26] He was discharged the following day in "[g]ood" condition with a prescription for treatment with artificial tears four times

---

[23] Id. at 6 ¶ 3.

[24] Id.

[25] Id.

[26] UTMB Health Encounter Notes dated June 12, 2021, Exhibit A-3 to Complaint, Docket Entry No. 1-1, pp. 5-6.

a day and a follow-up evaluation in four to six weeks.[27] Kennard does not allege facts showing that he suffered substantial harm or that his eye injury was exacerbated as a direct result of delay caused by Captain Simmons' decision to hold the disciplinary hearing before Kennard could be seen in the infirmary. See Rogers, 709 F.3d at 410. The facts alleged further fail to establish the requisite deliberate indifference on Captain Simmons' part. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (the deliberate indifference standard is an "extremely high" one to meet). Therefore, Kennard's Eight Amendment claim against Captain Simmons will be dismissed.

## C. Claims Against Sergeant Serrano

Kennard claims that Sergeant Serrano denied him access to courts by confiscating and purposely destroying legal papers from his previous lawsuit while he was in disciplinary segregation in November of 2022.[28] Prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 97 S. Ct. 1491, 1493-94 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."), abrogated on other grounds by Lewis v. Casey, 116 S. Ct. 2174 (1996). An inmate alleging the denial of his right of access to

---

[27] UTMB Health Flowsheet Notes dated June 13, 2021, Exhibit A-4 to Complaint, Docket Entry No. 1-1, p. 7.

[28] See Plaintiff's MDS, Docket Entry No. 21, pp. 2-4 (Response to Question 7).

the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. See Lewis, 116 S. Ct. at 2179-81; see also Driggers v. Cruz, 740 F.3d 333, 337 (5th Cir. 2014) ("A prisoner cannot prevail on an access-to-the-courts claim without proving an actual injury[.]"); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam) (concluding that a prisoner failed to show actual injury because his underlying claim was frivolous).

As noted above, Kennard's previous lawsuit in Civil Action No. H-21-4121 was dismissed with prejudice.[29]  Kennard did not appeal that decision.  Kennard does not otherwise demonstrate that he was prevented from raising a meritorious claim in his previous lawsuit or that he suffered an actual injury due to Sergeant Serrano's actions.  See DeMarco v. Davis, 914 F.3d 383, 388 (5th Cir. 2019) (concluding that a prisoner failed to demonstrate actual injury from confiscation of legal materials); Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009) (per curiam) (same).  Therefore, the claim against Sergeant Serrano will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### D. Claims Against Lieutenant Autery, Officer Escalera, and Officer Miller

Kennard alleges that Lieutenant Autery, Officer Escalera, and Officer Miller used excessive force against him on April 21, 2023,

---

[29]See Amended Final Judgment, Docket Entry No. 57, in Kennard v. Marquez, Civil Action No. H-21-4191 (S.D. Tex. April 4, 2023).

in retaliation for the previous lawsuit that he filed in 2021 against Sergeant Marquez.[30]  The incident happened after Officer Escalera ordered Kennard to pack his things so that he could be moved to another cell as directed by the warden.[31]  When Kennard asked to speak to a supervisor, Officer Escalara returned with Lieutenant Autery and Officer Miller.[32]  Kennard alleges that Officer Escalera was operating a video camera and that Officer Miller was attempting to de-escalate the situation when Lieutenant Autery sprayed Kennard with two bursts of a chemical agent.[33]  Kennard acknowledges that he did not obey repeated orders from Lieutenant Autery to submit to hand restraints so that he could be moved.[34]  He claims, nevertheless, that Lieutenant Autery failed to comply with the "TDCJ Behavioral Intervention Plan" in the "Use of Force [Manual]" sprayed him unnecessarily because he was not refusing to move and she heard him say that he was coming out of the cell.[35]  He claims further that Officer Escalera and Officer

---

[30]Plaintiff's MDS, Docket Entry No. 21, pp. 4-6 (Responses to Questions 8-10).

[31]Complaint, Docket Entry No. 1, pp. 12-13 ¶¶ 23-28.

[32]Plaintiff's MDS, Docket Entry No. 21, p. 4 (Response to Question 8).

[33]Id. at 5 (Response to Question 10).

[34]Complaint, Docket Entry No. 1, pp. 12-13 ¶¶ 26-28.

[35]Plaintiff's MDS, Docket Entry No. 21, p. 5 (Response to Question 10).

Miller are liable for failing to intervene in the use of chemical spray by Lieutenant Autery.[36]

###    1.    The Retaliation Claim

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008) (quoting Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam)). A prison inmate's claim of retaliation is viewed with skepticism in this circuit. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). An inmate must allege more than his personal belief that he is the victim of retaliation. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)). To demonstrate that a defendant acted with intent to retaliate, a prisoner must produce "direct evidence of motivation" or, at the very least, he must "allege a chronology of events from which retaliation may plausibly be inferred." Woods, 60 F.3d at 1166.

Kennard does not allege facts establishing any connection between the actions taken by Lieutenant Autery, Officer Escalera, and Officer Miller in 2023, and the previous lawsuit that he filed

---

[36]Id. at 4-5 (Response to Question 10).

in 2021. Taking Kennard's allegations as true, the facts asserted do not establish an intent to retaliate or a chronology from which retaliation may be plausibly inferred. See DeMarco v. Davis, 914 F.3d 383, 388 (5th Cir. 2019) ("Because [the plaintiff] has not demonstrated retaliatory intent through direct evidence or a clear chronology of events, he has failed to establish the second and fourth elements of his retaliation claim."). The claim of retaliation against Lieutenant Autery, Officer Escalera, and Officer Miller will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### 2. Excessive Force and Failure to Intervene

A prisoner's claim that excessive force was used against him is governed by the Eighth Amendment, which prohibits cruel and unusual punishment, i.e., the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (internal quotation marks and citation omitted). Whether force used in the correctional setting is excessive under the Eighth Amendment standard depends on "the detention facility official's subjective intent to punish." Cowart v. Erwin, 837 F.3d 444, 452 (5th Cir. 2016) (quoting Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir 1993)).

A correctional officer may be found liable under the Eighth Amendment for a failure to intervene and to take reasonable measures to protect an inmate from another officer's use of

excessive force under a theory of bystander liability. See Whitley v. Hanna, 726 F.3d 631, 646 (5th Cir. 2013) (discussing Hale v. Townley, 45 F.3d 914, 916 (5th Cir. 1995)). An officer may be liable under § 1983 under a theory of bystander liability where the officer "'(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" Whitley, 726 F.3d at 646 (citations omitted).

Kennard claims that Lieutenant Autery used excessive force by spraying him twice with a chemical agent when it was unnecessary to do so.[37] At the screening stage of this lawsuit, Kennard has alleged sufficient facts to state a violation of the Eighth Amendment by Lieutenant Autery. See, e.g., Hensley v. Thompson, Civil Action No. 18-877-SDD-SDJ, 2022 WL 636049, at *4 (M.D. La. Feb. 11, 2022) (discussing recent Fifth Circuit precedent and caselaw from other circuits which have, "for decades, found that 'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain'") (citations omitted). Accordingly, the court will retain the Eighth Amendment excessive-force claim against Lieutenant Autery for further proceedings.

---

[37]Complaint, Docket Entry No. 1, pp. 12-13 ¶¶ 26-27; Plaintiff's MDS, Docket Entry No. 21, p. 5 (Response to Question 10).

However, the facts asserted are insufficient to establish bystander liability against Officer Escalera and Officer Miller. See Whitley, 726 F.3d at 646-47 (mere presence at a use of force, without more, is insufficient to render a correctional officer legally responsible for a constitutional violation based on bystander-liability); Hale, 45 F.3d at 919 (an officer must have had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it). Therefore, the Eighth Amendment claims against Officer Escalera and Officer Miller will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The court will issue a separate order requesting an answer from Lieutenant Shara Autery regarding the plaintiff's claim that she used excessive force by spraying him twice with a chemical agent on April 21, 2023.

2. All other claims asserted by the plaintiff are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff**.

**SIGNED** at Houston, Texas, on this 13th day of March, 2024.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE